UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

**Law Offices of TIMOTHY R. HOTT , P.C.**
**Timothy R. Hott, Esq.**
591 Summit Avenue
Jersey City, New Jersey 07306
Telephone (201)653-5000
Fax: (201) 659-6590
(TH 6729)
Email: TimHott@gmail.com
Attorney for Defendant Mark Cohen

| | |
|---|---|
| DAMIAN J. CIONI<br>*Plaintiff(s)*<br><br>VS.<br><br>GLOBAL SPECIALTY METALS, INC., MALCOLM APPLEBAUM, JEFFREY BRADLEY, ALAN KESTENBAUM AND MARK COHEN<br>*Defendant(s)* | CIVIL ACTION<br><br>CIVIL ACTION NO.<br><br>10-1388 (DMC)<br><br>**ANSWER, SEPARATE AND AFFIRMATIVE DEFENSES AND CROSS-CLAIM FOR INDEMNIFICATION OF DEFENDANT MARK COHEN** |

Defendant, Mark Cohen, by way of Answer to the Complaint of Plaintiff says:

As to paragraphs 1 through 7: Allegations of these paragraphs 1 through 7 do not pertain to this defendant and need not be admitted nor denied. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

8.      Allegations of paragraph #8 are denied. Defendant affirmatively states that he is not an employee of any party to this matter. He is self-employed as an independent executive recruiter.

9.      Admitted.

10-11. Allegations do not pertain to this defendant.

12.     Allegations of paragraph #12 are denied. At no time did this defendant represent, act for or otherwise negotiate on behalf of Defendant Globe, and is not an employee or agent of Globe.

1

13. Plaintiff is left to its proofs as to paragraph #13.

14. Plaintiff is left to its proofs as to paragraph #14.

15. Plaintiff is left to its proofs as to paragraph #15.

16. Plaintiff is left to its proofs as to paragraph #16.

17 through 52. Allegations of paragraphs 17 through 52 do not pertain to this defendant and need not be admitted nor denied. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

53. The document alleged speaks for itself and need not be admitted nor denied.

54. The document alleged speaks for itself and need not be admitted nor denied.

55. The document alleged speaks for itself and need not be admitted nor denied.

56. The document alleged speaks for itself and need not be admitted nor denied.

57 - 59. Allegations do not pertain to this defendant. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

60. Allegation of paragraph #60 are denied.

61 through 91. Allegations do not pertain to this defendant. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

92. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

93. Defendant is unable to answer this allegation as plaintiff's beliefs are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

94 through 108. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation

as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT ONE

109.    Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

110 through 117. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT TWO

118.    Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

119 through 123. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT THREE

124.    Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

125 through 134. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT FOUR

135.    Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

136 through 146. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT FIVE

147.    Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

148 through 155. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT SIX

156.    Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

157 through 172. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT SEVEN

173.    Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

174.    Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT EIGHT

175.    Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in

full herein.

176 through 179. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT NINE

180.   Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

181 through 185. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT TEN

186.   Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

187 through 190. Allegations do not pertain to this defendant. Defendant is unable to answer this allegation as plaintiff's feelings are outside the scope of this defendant's knowledge or control. To the extent that anyone might construe same as somehow pertaining to this defendant then same are denied.

## COUNT ELEVEN

191.   Defendant repeats and reiterates each of its answers to the preceding paragraphs as if set forth in full herein.

192.   Allegations of paragraph #192 are denied. At no time was defendant Cohen ever an employee or agent of any defendant and was strictly an independent executive recruiter.

193.   Allegations of paragraph #193 are denied. At no time was defendant Cohen ever an employee or agent of any defendant and was strictly an independent executive recruiter.

SEPARATE AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action against this defendant.

2. At all times relative to those alleged in the complaint this defendant was acting as an independent executive recruiter and never represented to plaintiff that he was employed by or in any way made decisions for any of the other defendants herein.

3. At all time relative to those alleged in the complaint plaintiff knew or should have known that this defendant was not an employee of any other defendant and was strictly acting as an independent executive recruiter.

4. The court lacks jurisdiction over the subject matter of the complaint as to this defendant.

5. This defendant reserves the right to supplement this Answer with additional Separate and Affirmative Defenses.

**WHEREFORE,** Defendant, Cohen, demands judgment dismissing the complaint.

Date: December 30, 2010                                              **S/TIMOTHY R. HOTT**

CROSS-CLAIM FOR CONTRIBUTION

1. Cross-complainant, Mark Cohen refers to each and every paragraph of plaintiff's Causes of Action and incorporates same herein by reference as though fully set forth at length at this point

2. Plaintiff's Complaint alleges damages arising as a result of alleged acts of all other defendants and not this defendant-cross-complainant. Said complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth at length.

3. Cross-complainant is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending said complaint, the exact amount of which is unknown at this time. when the same has been ascertained, cross-complainant will seek leave of court to amend this cross-complaint to set forth the true nature and amount of said costs and expenses.

4. If cross-complainant is held liable and responsible to plaintiff for damages as alleged in the Complaint, it will be solely due to the conduct of cross-defendants, and each of them, as herein alleged. Therefore, cross-complainant is entitled to be indemnified by said cross-defendants, and each of them should such liability arise.

5. If cross-complainant is held liable or responsible to the plaintiff for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of cross-defendants, and each of them.

6. Cross-complainant is entitled to complete indemnification by said cross-defendants, and each of them for any sum or sums for which he may be adjudicated liable to plaintiffs, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

SECOND CAUSE OF ACTION

(Comparative Indemnity Against all Cross-Defendants)

7. Cross-complainant refers to the paragraphs of his First Cause of Action and incorporates same herein by reference as though fully set forth at length at this point.

8. Cross-complainant contends that he is in no way legally responsible for the events giving rise to the plaintiff's causes of action, or legally responsible in any other manner for the damages allegedly sustained by the plaintiff. However, if as a result of the matters alleged in plaintiff's complaint, this cross-complainant is held liable for all or any part of the claim or damages asserted against him by the plaintiff, cross-defendants, and each of them, to the extent that their fault was a proximate cause of plaintiff's

damages and/or losses, are responsible for said damages and/or losses in proportion to each cross-defendants' comparative negligence and this cross-complainant is entitled to a determination of several liability.

9.       By reason of the foregoing, cross-complainant is entitled to indemnity from cross-defendants, and each of them, for all costs, fees, expenses, settlements and judgments paid by and incurred by cross-complainant in connection with this litigation.

## THIRD CAUSE OF ACTION

(Declaratory Relief Against all Cross-Defendants)

10.      Cross-Complainant refers to the paragraphs of his First and Second Cause of Action and by this reference incorporates the same herein as though set forth in full.

11.      Actual controversy has arisen between cross-complainant and cross-defendants, and each of them, with respect to the rights, obligations and duties of the parties: (a) cross-complainant contends that he is without fault, responsibility or blame for any of the damages which the plaintiff may have suffered. If there is any , these acts were committed by the cross-defendants and not the cross-complainant. Cross-Complainant contends that he is entitled to indemnity from cross-defendants, and each of them. (b) Cross-complainant is informed and believes and thereon alleges that the cross-defendants, and each of them contend to the contrary.

## FOURTH CAUSE OF ACTION

(Equitable Indemnity Against All Cross-Defendants)

12.      Cross-complainant refers  to the paragraphs of his First, Second and Third Causes of Action and by this reference incorporates the same herein as though set forth at length.

13.      Cross-complainant alleges that he is in no way legally responsible for the events giving rise to

Plaintiff's action and not legally responsible in any manner for the damages allegedly sustained by said plaintiff. If, contrary to the foregoing allegations, cross-complainant herein is held to be liable for all or any part of the claim for damages asserted against cross-complainant by the plaintiff, then cross-complainant is informed and believes, and based upon such information and belief, alleges that cross-defendants, and each of them, i.e. were negligent, misrepresented certain facts, breached fiduciary duties, and breached contracts and/or agreements. Cross-complainant is informed and believes at this time that the above acts of the cross-defendants, and each of them, were the proximate cause of the damages and/or losses to Plaintiff.

14. By reason of the foregoing, cross-defendants, and each of them, are responsible and liable for any such damages in direct proportion to the extent of their alleged acts done in bringing about said damages. If cross-complainant is found to be responsible for any of the damages of the plaintiffs, then cross-complainant is entitled to judgment over and against cross-defendants, and each of them in an amount proportionate to the amount of cross-complainant's financial responsibility for such damages that exceed his portion of responsibility, if any.

FIFTH CAUSE OF ACTION

(Contribution Against All Cross-Defendants)

15  Cross-complainant refers to the paragraphs through of his First, Second, Third and Fourth Causes of Action and by this reference incorporates the same herein as though set forth in full.

16. Cross-complainant contends that he is in no way legally responsible for the damages alleged in plaintiff's complaint. However, if as a result of the matters alleged in plaintiff's complaint, cross-complainant is held liable for all or any part of plaintiff's alleged damages, cross-defendants herein, and each of them, to the extent that their fault is determined by the court, are obligated to reimburse and are

liable to cross-complainant for all or any liability so assessed by way of contribution, and cross-complainant accordingly asserts herein such right to contribution.

WHEREFORE, cross-complainant prays for judgment as follows:

1. For a declaration of cross-complainant's rights and duties;

2. For an order of the court declaring the percentage of fault, if any, between cross-complainant and cross-defendants, and each of them, for damages and losses allegedly caused to plaintiff;

3. For an order of the court awarding judgment in favor of cross-complainant against cross-defendants, and each of them, based upon the relative percentage of fault of each party including the plaintiff;

4. For an order of this court that the cross-complainant is entitled to be fully indemnified by cross-defendant, and each of them, for any and all settlements or compromises and/or judgments entered into by cross-complainant as a result of this action;

5. For attorney's fees, court costs, investigative costs and other expenses incurred in the defense of the complaint according to proof; and

6. For such other and further relief as the court may deem just, equitable and proper under the circumstances.


Date:   December 30, 2010                                    **S/TIMOTHY R. HOTT**
                                                             TIMOTHY R. HOTT

<u>CERTIFICATION</u>

The undersigned hereby certifies that the foregoing pleading was electronically filed with the Court and served upon counsel of record in the same manner on the date shown below in accordance with applicable rule, as extended by stipulation.

10

Date:   December 30, 2010            **S/TIMOTHY R. HOTT**
                                     TIMOTHY R. HOTT